FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 OCT 20 AM 10: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

SANDRA LAURENTANO,

    Plaintiff,

CASE NO.: 5:16-cv-628-Oc-30 PRL

-vs-

WAL-MART STORES, INC. and
CENTRAL CREDIT SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, SANDRA LAURENTANO, alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. "Robocalls" are the #1 consumer complaint in America today.

3. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop calling. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report, the number of complaints has increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

1

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. The TCPA was enacted to prevent companies like WAL-MART STORES, INC. and CENTRAL CREDIT SERVICES from invading American citizens' privacy and prevent illegal robocalls.

6. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

7. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and

2

inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

9. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

10. The alleged violations described in the Complaint occurred in Homosassa, FL.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person, and citizen of the State of Florida, residing in Homosassa, FL.

12. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15. Defendant, WAL-MART STORES, INC., is a corporation which was formed in Arkansas with its principal place of business in Arkansas and conducting business in the state of Florida.

16. Defendant, CENTRAL CREDIT SERVICES, LLC, is a corporation with its principal place of business at 9550 Regency Square Blvd, Suite 500 Jacksonville, FL 32225 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

17. Defendant, WAL-MART STORES, INC., is a "debt collector" as defined by Florida Statute § 559.55(7).

3

18. Defendant, CENTRAL CREDIT SERVICES, LLC, is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

19. WAL-MART STORES, INC. employed the services of CENTRAL CREDIT SERVICES, LLC to collect the debt referred to in this complaint.

20. WAL-MART STORES, INC. shares in the money that CENTRAL CREDIT SERVICES, LLC collects, such as the debt referred to in this case.

21. WAL-MART STORES, INC. has control over the debt collection activities of CENTRAL CREDIT SERVICES, LLC that are at issue in this case.

22. WAL-MART STORES, INC. is provided a report from CENTRAL CREDIT SERVICES, LLC concerning the debts they collect on behalf of WAL-MART STORES, INC.

23. WAL-MART STORES, INC. is responsible for all of the debt collection activities of its agent and/or debt collector, CENTRAL CREDIT SERVICES, LLC.

24. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

25. WAL-MART STORES, INC. and CENTRAL CREDIT SERVICES, LLC (collectively "Defendants") intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back-to-back days, with such a frequency as can be reasonably expected to harass.

26. Defendants attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

27. Each call the Defendants made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, without human intervention, using

a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

28. Furthermore, upon information and belief, each of the calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

29. Defendants have separately stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS.

30. None of the Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

31. Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, 352-270-1803.

32. Plaintiff never provided her aforementioned cellular telephone numbers to the Defendants.

33. In or about November of 2015, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant, WAL-MART STORES, INC., seeking to recover a $350 debt. Upon receipt of the calls from WAL-MART STORES, INC., Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (330) 433-5979.

34. Immediately upon receipt of the calls, in or about November of 2015 due to a ceaseless barrage of daily calls, Plaintiff answered a call from WAL-MART STORES, INC. After a short delay upon Plaintiff answering "hello" three or four times, an agent/representative of WAL-MART STORES, INC. came on to the line and Plaintiff explained that their incessant calls were harassing her, she will make payments towards the $350 when she able to do so, and demanded

that WAL-MART STORES, INC. cease placing calls to her aforementioned cellular telephone number.

35. In or about November of 2015, during the aforementioned phone conversation with WAL-MART STORES, INC.'s agent/representative, Plaintiff expressly revoked any express consent WAL-MART STORES, INC. may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or a pre-recorded or artificial voice.

36. Each subsequent call WAL-MART STORES, INC., made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

37. Additionally, in or about January of 2016, Plaintiff answered a call from the WAL-MART STORES, INC., explained that she has told them to stop calling before, and again demanded that WAL-MART STORES, INC. stop calling her aforementioned cellular telephone number.

38. In or about February of 2016, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant, CENTRAL CREDIT SERVICES, LLC, informing Plaintiff that they were "calling to collect a debt for Wal-Mart." Upon receipt of the calls from CENTRAL CREDIT SERVICES, LLC, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (816) 897-1851, (636) 238-1163, (904) 512-1567, (913) 229-9112, and (314) 675-7166.

39. Immediately upon receipt of the calls, in or about January of 2016, due to the ceaseless barrage of daily calls, Plaintiff answered a call from CENTRAL CREDIT SERVICES, LLC. After a short delay upon Plaintiff answering "hello" several times, an agent/representative

of CENTRAL CREDIT SERVICES, LLC came on to the line and Plaintiff explained that their incessant calls were harassing her and demanded that CENTRAL CREDIT SERVICES, LLC cease placing calls to her aforementioned cellular telephone number.

40. During the aforementioned conversation, Plaintiff explicitly stated "I asked Wal-Mart and now I'm asking you, please stop calling!" In response to Plaintiff's pleas for the relentless calls to stop, an agent/representative of CENTRAL CREDIT SERVICES, LLC told her "we will keep calling you whenever we want…you owe us money!"

41. In or about February of 2016, during the aforementioned phone conversation with CENTRAL CREDIT SERVICES, LLC's agent/representative, Plaintiff expressly revoked any express consent CENTRAL CREDIT SERVICES, LLC may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or a pre-recorded or artificial voice.

42. Each subsequent call CENTRAL CREDIT SERVICES, LLC, made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

43. Additionally, in or about March of 2016, Plaintiff answered a call from the CENTRAL CREDIT SERVICES, LLC, explained that she has told them to stop calling before, and again demanded that CENTRAL CREDIT SERVICES, LLC stop calling her aforementioned cellular telephone number.

44. Each of Plaintiff's conversations with the Defendants demanding an end to the harassment were ignored.

45. Defendants have recorded at least one conversation with the Plaintiff

46. Defendants have recorded numerous conversations with the Plaintiff.

47. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendants continued their barrage of phone calls to Plaintiff's aforementioned cellular telephone numbers in an attempt to collect a debt.

48. Defendants made at least one call to 352-270-1803 using an "automatic telephone dialing system" (ATDS).

49. Defendants made at least fifty (50) calls to 352-270-1803 using an ATDS.

50. Defendants made at least one hundred (100) calls to 352-270-1803 using an ATDS.

51. Defendants made at least two hundred (200) calls to 352-270-1803 using an ATDS.

52. Each call the Defendants made to the Plaintiff in the last four years was made using an ATDS.

53. From about November of 2015 through the filing of this Complaint, the Defendants placed approximately two hundred (200) automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendants' records), despite the Plaintiff revoking any consent Defendants may have mistakenly believed they had to place calls to her aforementioned cellular telephone number.

54. By effectuating these unlawful phone calls, Defendants have caused the Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

55. Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

56. Defendants' phone calls harmed Plaintiff by wasting her time.

57. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA

of 1991, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

58. WAL-MART STORES, INC. and CENTRAL CREDIT SERVICES, LLC have a corporate policy and procedures structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants may have had.

59. WAL-MART STORES, INC. and CENTRAL CREDIT SERVICES, LLC corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular numbers removed from the call list.

60. WAL-MART STORES, INC. and CENTRAL CREDIT SERVICES, LLC have a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for their financial benefit.

61. WAL-MART STORES, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 1,908 times in the last three (3) years.

62. CENTRAL CREDIT SERVICES, LLC has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 111 times in the last three (3) years.

63. In the last three (3) years, CENTRAL CREDIT SERVICES, LLC has had 112 complaints reported to the Better Business Bureau (BBB)[1], of which 89 of those complaints are classified as being related to "Billing/Collection Issues."

---

[1] Retrieved from http://www.bbb.org/north-east-florida/business-reviews/collection-agencies/central-credit-services-llc-in-jacksonville-fl-1935/ (last accessed on 10/6/2016).

64. Plaintiff expressly revoked any consent Defendants may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendants' placement of the calls.

65. Defendant violated the TCPA with respect to the Plaintiff.

66. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## WAL-MART STORES, INC.

### (Violation of the TCPA)

67. Plaintiff incorporates Paragraphs one (1) through sixty-six (66).

68. WAL-MART STORES, INC. caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

69. WAL-MART STORES, INC. willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAL-MART STORES, INC. for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
## WAL-MART STORES, INC.

### (Violation of the FCCPA)

70. Plaintiff incorporates Paragraphs one (1) through sixty-six (66).

71. At all times relevant to this action WAL-MART STORES, INC. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

72. WAL-MART STORES, INC. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or her family with such frequency as can reasonably be expected to harass the debtor or her family.

73. WAL-MART STORES, INC. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

74. WAL-MART STORES, INC. has violated Florida Statute §559.72(9) by attempting to enforce a debt when WAL-MART STORES, INC. knows that the debt is not legitimate or assert the existence of some legal right when WAL-MART STORES, INC. knows that right does not exist.

75. WAL-MART STORES, INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAL-MART STORES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

### COUNT III
### CENTRAL CREDIT SERVICES, LLC

**(Violation of the TCPA)**

76. Plaintiff incorporates Paragraphs one (1) through sixty-six (66).

77. CENTRAL CREDIT SERVICES, LLC caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice

without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

78. CENTRAL CREDIT SERVICES, LLC willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CENTRAL CREDIT SERVICES, LLC for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT IV
## CENTRAL CREDIT SERVICES, LLC

### (Violation of the FCCPA)

79. Plaintiff incorporates Paragraphs one (1) through sixty-six (66).

80. At all times relevant to this action CENTRAL CREDIT SERVICES, LLC is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

81. CENTRAL CREDIT SERVICES, LLC has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or her family with such frequency as can reasonably be expected to harass the debtor or her family.

82. CENTRAL CREDIT SERVICES, LLC has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

83. CENTRAL CREDIT SERVICES, LLC has violated Florida Statute §559.72(9) by attempting to enforce a debt when CENTRAL CREDIT SERVICES, LLC knows that the debt is

not legitimate or assert the existence of some legal right when CENTRAL CREDIT SERVICES, LLC knows that right does not exist.

84.     CENTRAL CREDIT SERVICES, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WAL-MART STORES, INC. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT V
## CENTRAL CREDIT SERVICES, LLC

### (Violation of the FDCPA)

85.     Plaintiff incorporates Paragraphs one (1) through sixty-six (66).

86.     At all times relevant to this action, CENTRAL CREDIT SERVICES, LLC is subject to and must abide by 15 U.S.C. § 1692 et seq.

87.     CENTRAL CREDIT SERVICES, LLC engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

88.     CENTRAL CREDIT SERVICES, LLC engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

89.     CENTRAL CREDIT SERVICES, LLC engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/Stefan Alvarez*
Stefan A. Alvarez, Esquire
Florida Bar No. 100681
Stefan@TheConsumerProtectionFirm.com
William Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Attorney for Plaintiff